**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIER KEAND'E GARDNER, AKA Chris
Gardner,

No. 20-35783

Plaintiff-Appellant,

D.C. No. 4:19-cv-05238-TOR

v.

MEMORANDUM[*]

THREE UNKNOWN OFFICERS OF IMU-
NORTH OF WSP, in Individual and Official
Capacities; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Washington state prisoner Kier Keand'e Gardner appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging an

Eighth Amendment violation arising from the denial of meals.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's summary judgment for failure to exhaust administrative remedies.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014).  We affirm.

The district court properly granted summary judgment because Gardner failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *see also FTC v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010) ( "[A court] need not find a genuine issue of fact if, in its determination, the particular declaration was uncorroborated and self-serving.").

Gardner's opposed motion for oral argument (Docket Entry No. 16) and motion to supplement the record (Docket Entry No. 20) are denied.

**AFFIRMED.**